UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. OLIVAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 14-1159-KK<br><br>MEMORANDUM AND ORDER |

Plaintiff James M. Olivas has filed a Complaint seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

///
///
///

1

# I.

# **PROCEDURAL HISTORY**

On April 28, 2011, Plaintiff filed separate applications for DIB and SSI. Administrative Record ("AR") at 20.  The applications were denied initially on August 29, 2011, and upon reconsideration on February 22, 2012.  Id.

On March 22, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ").  Id.  On June 3, 2013, a hearing was held before ALJ Troy Silva.  Id.  On June 18, 2013, the ALJ issued a decision denying Plaintiff's applications.  Id. at 31.

On August 8, 2013, Plaintiff asked the Agency's Appeals Council to review the ALJ's decision.  Id. at 13.  On November 13, 2013, the Appeals Council denied Plaintiff's request for review.  Id. at 1.

On June 13, 2014, Plaintiff filed the instant Complaint.  On November 5, 2014, Defendant filed an Answer.  On December 25, 2014, Plaintiff filed a Memorandum in Support of the Complaint.  On January 26, 2015, Defendant filed a Memorandum in Support of the Answer.  This matter is now ready for decision.

# II.

# **STANDARD FOR EVALUATING DISABILITY**

In order to qualify for DIB or SSI, a claimant must demonstrate a medically determinable physical or mental impairment that (1) prevents him from engaging in substantial gainful activity, and (2) is expected to result in death or to last for a continuous period of at least twelve months.  Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful work that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.  The steps are:

| | | |
|---|---|---|
| (1) | Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two. |
| (2) | Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three. |
| (3) | Does the claimant's impairment meet or equal one of the specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.[1] |
| (4) | Is the claimant capable of performing work he has done in the past?  If so, the claimant is found not disabled.  If not, proceed to step five. |
| (5) | Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled. |

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Id. at 954.  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]."  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)).  In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

## III.
## THE ALJ'S DECISION

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 20, 2007, the alleged onset date of disability. AR at 22. At step two, the ALJ found Plaintiff "has the following severe impairments: obesity; hypertension; diabetes mellitus; headaches; gout; status post facial injury, 30 years prior; major depressive disorder; attention deficit hyperactivity disorder (ADHD); alcohol dependence, unclear state of remission; and marijuana dependence, unclear state of remission." Id. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 23.

Before reaching step four, the ALJ found Plaintiff has the RFC to perform medium work, except he "is limited to unskilled work; he is precluded from jobs that require binocular vision; and he is precluded from working at heights or around dangerous machinery." Id. at 24. At step four, the ALJ found Plaintiff has no past relevant work. Id. at 29. At step five, the ALJ found Plaintiff is capable of performing various jobs that exist in significant numbers in the national economy, including as a hand packager, warehouse worker, and cleaner. Id. at 30-31.

## IV.
## DISPUTED ISSUES

The following issues are in dispute:

1. Whether the ALJ improperly discounted the opinion of consultative examiner Dr. Nizar Salek. ECF No. 19 at 7.
2. Whether the ALJ failed to adequately explain the omission of "specific functional limitations" found by psychiatric consultative examiner Dr. Romualdo R. Rodriguez. Id. at 9.

The Court finds the second issue dispositive of this matter, and thus "decline[s] to reach [Plaintiff's] alternative ground for remand." Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012); see also Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[T]his Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.

## DISCUSSION

**A.  The ALJ Erred in Rejecting Dr. Rodriguez's Opinion Without Providing Clear and Convincing Reasons.**

**1.  Background**

On August 11, 2011, Dr. Romualdo R. Rodriguez conducted a complete psychiatric evaluation of Plaintiff at the request of the Agency. AR at 316. Based on the evaluation, Dr. Rodriguez found Plaintiff is "[a]ble to understand, remember, and carry out *simple* one or two-step job instructions," but "[n]ot able to do detailed and *complex* instructions." Id. at 322 (emphases in original).

In assessing Plaintiff's RFC, the ALJ stated:

> I give great weight to the opinion of psychiatric consultative examiner, Dr. Rodri[g]uez (Ex. 3F). He assessed mental functional limitations that are essentially the same as those included in the residual functional capacity assessment in this decision. Significantly, I agree that the claimant should be limited to unskilled work. Based on the claimant's admitted activities of daily living, his lack of mental health treatment until recently, and signs of improvement when he is compliant with the psychotropic medications, no further mental limitation is warranted. Dr. Rodriguez not only personally examined the claimant; he had the opportunity to

5

>review some of the claimant's medical records (Ex. 3F, p. 1). His assessment is consistent with the clinical findings from his examination and the longitudinal medical records, which renders it more persuasive.

Id. at 29.

At step five, the ALJ found Plaintiff is capable of performing jobs such as hand packager, warehouse worker, and cleaner. Id. at 30-31. According to the Dictionary of Occupational Titles ("DOT"), all of those jobs require a reasoning level of two (out of six). DOT §§ 381.687-018, 920.587-018, 922.687-058. Thus, those jobs require the ability to "carry out detailed but uninvolved" instructions – as opposed to "reasoning level one" jobs, which only require the ability "to carry out simple one- or two-step instructions." Meissl v. Barnhart, 403 F. Supp. 2d 981, 982-83 (C.D. Cal. 2005) (citations and internal quotation marks omitted).

### 2. Legal Standard

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record. Robbins, 466 F.3d at 883. "[A]n RFC that fails to take into account a claimant's limitations is defective." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). If a claimant is limited to performing only one- or two-step job instructions, that limitation must be part of the RFC assessment. See Smiddy v. Astrue, 2011 WL 4529473, at *2 (C.D. Cal. 2011); Boltinhouse v. Astrue, 2011 WL 4387142, at *2 (C.D. Cal. 2011).

An ALJ "must consider all medical opinion evidence," and is responsible for "resolving conflicts in medical testimony." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where a treating or examining doctor's opinion is not contradicted by another doctor, "it may be rejected only for clear and convincing reasons supported by substantial evidence in the record." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

quotation marks omitted). However, where a treating or examining doctor's opinion is contradicted, the ALJ may reject the opinion if he provides "specific and legitimate reasons supported by substantial evidence in the record." Id. (citations and internal quotation marks omitted). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. (citation and internal quotation marks omitted). "[A]n ALJ cannot avoid these requirements simply by not mentioning [a] physician's opinion and making findings contrary to it." Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) (citation omitted).

### 3. Application

Dr. Rodriguez found Plaintiff was limited to understanding and "carry[ing] out *simple* one or two-step job instructions," but not "detailed" instructions. AR at 322 (emphasis in original). The ALJ stated he gave Dr. Rodriguez's opinion "great weight." AR at 29. However, the ALJ did not acknowledge Dr. Rodriguez's specific opinion that Plaintiff is limited to performing only simple one- or two-step job instructions.[2] In fact, at step five, the ALJ implicitly rejected Dr. Rodriguez's opinion, by finding Plaintiff could perform various "reasoning level two" jobs – which require the ability "to carry out detailed but uninvolved" instructions – as opposed to "reasoning level one" jobs, which only require the ability "to carry out simple one- or two-step instructions." Meissl, 403 F. Supp. 2d at 982-83 (citation, internal quotation marks, and alterations omitted); see also Boltinhouse, 2011 WL 4387142, at *2 ("The weight of authority

---

[2] The ALJ found Plaintiff is limited to performing unskilled work. AR at 24. However, that limitation is distinct from being limited to performing only simple one- or two-step job instructions. See Meissl, 403 F. Supp. 2d at 983 (noting a job's skill requirement "speak[s] to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of [the] job's simplicity") (citation and internal quotation marks omitted).

favors [the] position that a limitation on one- and two-part instructions is commensurate with Reasoning Level 1.") (citations omitted).  Thus, the ALJ rejected Dr. Rodriguez's opinion – which he claimed to give "great weight" – without providing clear and convincing reasons, as is required.  See Orn, 495 F.3d at 632; see also Calderon v. Astrue, 2012 WL 2806266, at *3 (C.D. Cal. 2012) (holding it was error for ALJ to give "great weight" to doctor's evaluation but then omit, without explanation, the doctor's finding that Plaintiff could only "comply with simple one and two step instructions").

On remand, if the ALJ agrees with Dr. Rodriguez's opinion that Plaintiff is limited to carrying out simple one- or two-step instructions, the ALJ must include that limitation in the RFC assessment and re-analyze step five.  See Valentine, 574 F.3d at 690; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (stating jobs identified at step five must be jobs a claimant "can perform despite [his] limitations").  Conversely, if the ALJ rejects Dr. Rodriguez's uncontradicted opinion, he must provide clear and convincing reasons for doing so.  See Orn, 495 F.3d at 632.

## VI.
## **CONCLUSION**

IT IS THEREFORE ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order.

DATED:   February 9, 2015

HON. KENLY KIYA KATO
United States Magistrate Judge