UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. OLIVAS,<br><br>                    Plaintiff,<br><br>             v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. EDCV 14-1159-KK<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B) |

## I.

## **INTRODUCTION**

Plaintiff James M. Olivas's ("Plaintiff's") counsel, Vijay Jagdish Patel of Law Offices of Lawrence D. Rohlfing ("Counsel"), filed a Motion for Attorney Fees Pursuant to Title 42 of the United States Code, section 406(b) ("Motion"). The Motion seeks an award in the amount of $17,499.00 for representing Plaintiff in an action to obtain disability insurance benefits and supplemental security income, with a refund to Plaintiff of $4,461.62 for the Equal Access to Justice Act ("EAJA") fees previously awarded.

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to Title 28 of the United States Code, section 636(c). For the reasons stated below, the Court grants the Motion.

## II.

## **RELEVANT BACKGROUND**

On June 13, 2014, Plaintiff filed the complaint in this action. See ECF Docket No. ("Dkt.") 3, Compl. at 1. Plaintiff alleged defendant Carolyn W. Colvin ("Defendant") had improperly denied Plaintiff's applications for disability insurance benefits and supplemental security income. Id. at 2-3. On February 9, 2015, the Court found Defendant erred in denying Plaintiff's applications, and entered Judgment reversing and remanding the case to Defendant for further administrative proceedings. Dkt. 22, Judgment. On remand, Defendant stated she would withhold $17,499.00 as twenty-five percent of Plaintiff's past due benefits "to pay [Plaintiff's] representative." Dkt. 25-3, Notice of Award at 4.

On April 10, 2015, the Court awarded Counsel EAJA fees in the amount of $4,461.62. Dkt. 24, Order Granting EAJA Fees.

On April 20, 2016, pursuant to Title 42 of the United States Code, section 406(b), Counsel filed the instant Motion seeking the amount of $17,499.00 for representing Plaintiff in the underlying proceedings before the Court. Dkt. 25, Mot. Counsel states he would "reimburse James M. Olivas the amount of $4,461.62 for the EAJA fees previously paid." Id. at 3. Counsel also states 27.9 hours of attorney time were expended on Plaintiff's case, Dkt. 25-4, Itemized Hours, and seeks compensation pursuant to a contingency fee agreement stating Counsel would receive "25% of the backpay awarded upon reversal of an unfavorable ALJ decision," Dkt. 25-1, Contingency Fee Agreement.

On April 20, 2016, Plaintiff was served with the Motion and informed he had a right to file a response to the Motion. Dkt. 25, Mot. at 2, 10. However, Plaintiff failed to file a timely response. On May 4, 2016, Defendant filed a Non-Opposition to the Motion stating she "takes no position on the reasonableness of the [Motion's] request." Dkt. 26, Non-Opposition at 4. Thus, the Court deems this matter submitted.

# III.
# DISCUSSION

## A. APPLICABLE LAW

Title 42 of the United States Code, section 406(b) ("Section 406(b)") provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Where a claimant entered into a contingent fee agreement with counsel, a court must apply Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Id. at 793. A court should not use a "lodestar method," under which a district court "determines a reasonable fee by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (citation omitted). Rather, where the claimant and counsel entered into a lawful contingent fee agreement, courts that use the "lodestar" method as the starting point to determine the reasonableness of fees requested under Section 406(b) improperly "reject the primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793. Thus, courts should not apply lodestar

rules in cases where the claimant and counsel reached a contingent fee agreement because:

> [t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of [social security] claimants who need counsel to recover any past-due benefits at all.

Crawford, 586 F.3d at 1149.

However, even in contingency fee cases, a court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." Id. The court must examine "whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits in determining whether a lawful contingent fee agreement is reasonable. See Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1151.

**B.   ANALYSIS**

Here, Counsel seeks a reasonable fee under Section 406(b). Plaintiff retained Counsel to represent him in federal court in his appeal from the administrative denial of benefits, and agreed to pay Counsel a contingent fee of twenty-five percent of any past due benefits obtained. See Dkt. 25-1, Contingency Fee Agreement. Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of the fee Counsel seeks.

The record discloses no issue regarding the quality or efficiency of Counsel's representation before this Court, or any misconduct or delay by Counsel. Counsel

4

1 obtained a favorable outcome for Plaintiff, ultimately resulting in a remand for
2 further administrative proceedings and an award of past due benefits.  See Dkt. 22,
3 Judgment; Dkt. 25-3, Notice of Award.  Further, the 27.9 hours expended to
4 litigate this case was reasonable and within the approved range for social security
5 disability cases.  See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal.
6 2000) (noting that "a survey of several dozen cases in which attorney's fees were
7 awarded in social security cases suggests that the 33.75 hours spent by plaintiff's
8 counsel falls within the approved range").
9        In addition, a fee of $17,499.00 based on 27.9 hours of attorney time is
10 reasonable.  See Dkt. 25-4, Itemized Hours.  The Court finds Counsel's effective
11 hourly rate of approximately $627.40, id., reasonable under the circumstances.  See
12 Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving
13 Section 406(b) fees exceeding $1,000.00 per hour, and noting "[r]educing
14 [Section] 406(b) fees after Crawford is a dicey business").  Further, post-Gisbrecht
15 decisions have approved contingent fee agreements yielding hourly rates greater
16 than the rate Counsel seeks.  E.g., Daniel v. Astrue, 2009 WL 1941632, at *2-3
17 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour).  Hence,
18 in light of the hours Counsel expended, the Section 406(b) fee award amount
19 Counsel requests would not represent an unfair windfall to Counsel.
20        Finally, nothing in the record suggests any overreaching in the making of the
21 fee agreement or any impropriety on the part of Counsel in representing Plaintiff.
22 Counsel assumed the risk of nonpayment inherent in a contingency agreement and
23 Counsel's efforts proved successful for Plaintiff.  Accordingly, the Court finds the
24 Section 406(b) fees Counsel requests reasonable.
25 ///
26 ///
27 ///
28 ///

## IV.
## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED**: (1) Counsel's Motion for Attorney Fees Pursuant to Title 42 of the United States Code, section 406(b) is **GRANTED**; and (2) Defendant is directed to pay Counsel the sum of $17,499.00 with a reimbursement to Plaintiff for EAJA fees previously awarded in the amount of $4,461.62.

Dated: May 06, 2016

HONORABLE KENLY KIYA KATO
United States Magistrate Judge